**IN THE UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF ARKANSAS**
**WESTERN DIVISION**

**UNITED STATES OF AMERICA**

**v.**                                            **Case No. 4:93-CR-00151 (3) GTE**

**PATRICK LYDELL ROBINSON**

**ORDER**

Before the Court are two motions filed by the Defendant, proceeding *pro se*.  Defendant

has filed a Motion to Appoint Counsel and a Motion for Reduction of Sentence pursuant to 18

U.S.C. § 3582.  Defendant suggests that he is entitled to a reduction of his sentence pursuant to

18 U.S.C. § 3582(c)(2) based upon the retroactive application of the crack cocaine penalty

reduction imposed by the United States Sentencing Commission, effective March 3, 2008.[1]  He

requests appointed counsel to assist him in seeking a sentencing reduction, but he has also filed a

motion seeking such reduction.  The Court has reviewed Defendant's case to determine whether

he is eligible for a sentence reduction.  Based upon such review, the Court concludes that

Defendant is not eligible for a sentence reduction.  Accordingly, both motions will be denied.

Not every person sentenced for a crack cocaine offense is eligible for consideration for a

sentence reduction.[2]  Only those persons currently serving a sentence determined or affected by a

sentencing range calculated using the drug quantity table, U.S.S.C. § 2D1.1, are potentially

eligible.  Even then, there are some defendants for whom the recalculated guideline range, using

---

[1] *See* United States Sentencing Commission Sentencing Guidelines, Amendment 706 (reducing the guideline range for crack cocaine offenses, effective November 1, 2007) and Amendment 711 (making Amendment 706 retroactive, effective March 3, 2008).

[2] *See, generally*, U.S.S.G. § 1B1.10, Reduction in Term of Imprisonment as a Result of Amended Guideline Range (Policy Statement)(March 3, 2008).

amended § 2D1.1, will be equal to the original guideline range.  In such cases, the defendant's

guideline range is not lowered as a result of the retroactive amendment, and there is no basis for

the Court to consider whether to exercise its discretion to grant a sentence reduction.  U.S.S.G. §

1B1.10 (a)(1).

Defendant's sentence was not determined by application of the drug quantity table, but

rather on his status as a "career offender."  At the time of the instant offense, Defendant already

had two prior felony convictions of a crime of violence,[3] thereby earning him the designation

"career offender" and triggering application of U.S.S.G. § 4B1.1.  As a career offender,

Defendant's base offense level of 37 was determined by the statutory maximum sentence of life

imprisonment applicable to his offense under 21 U.S.C.A. § 841(b)(1)(A), not the quantity of

drugs for which he was held responsible.  *See* U.S.S.G. § 4B1.1(A).  Thus, the crack cocaine

amendment is of no consequence to Defendant because the calculation of his base offense level

was driven by his career offender status, rather than the drug quantity table.

## CONCLUSION

Because the Defendant was sentenced as a career offender he is not eligible for a

reduction of his term of imprisonment under the crack cocaine penalty reduction enacted by the

Sentencing Commission in Amendment 706.  Accordingly,

IT IS HEREBY ORDERED THAT Defendant's Motion to Appoint Counsel (# 194) and

Motion for Retroactive Application of Sentencing Guidelines (# 195) be, and they are hereby,

DENIED.

---

[3]  The Pre-Sentence Report indicates that Defendants' two prior violent crimes were both robberies.  In the first robbery, at age 18, Defendant and another person threatened a juvenile with a knife and took two gold chains from him.  In the second robbery, at age 24, Defendant robbed a woman of $80 as she left a liquor store.

- 3 -

IT IS SO ORDERED THIS  23rd  day of April, 2008.

_/s/Garnett Thomas Eisele_____
UNITED STATES DISTRICT JUDGE